AO93 Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
## for the
## District of Arizona

| | |
|---|---|
| The dental office located at 1801 E. Southern Ave., Mesa, AZ, to include only spaces utilized and assigned to Jonathan Lane Sanders, more particularly described in Attachment A. | Case No. 25-3254 MB<br><br>(Filed Under Seal) |

**SEALED**

### ELECTRONIC SEARCH AND SEIZURE WARRANT

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the District of Arizona:

**As further described in Attachment A.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal:

**As set forth in Attachment B.**

**YOU ARE COMMANDED** to execute this warrant on or before June 25, 2025 *(not to exceed 14 days)*
☒ in the daytime 6:00 a.m. to 10:00 p.m. ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to <u>any United States Magistrate Judge on criminal duty in the District of Arizona</u>.

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized ☐ for _30_ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: June 11, 2025 @ 11:50 PM        M Morrissey
                                                    *Judge's signature*

City and state: <u>Phoenix, Arizona</u>        <u>Honorable Michael T. Morrissey, U.S. Magistrate Judge</u>
                                             *Printed name and title*

AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| Return |||
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name(s) of any person(s) seized: |||

**Certification**

  I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A – Office Space



### DESCRIPTION OF THE PROPERTY AND ITEMS TO BE SEARCHED

1801 E. Southern Ave., Mesa, AZ, is a dental office. This search is to include only spaces utilized and assigned to Jonathan Lane Sanders, such as his desk, his file cabinet, and his cabinetry, for cellular phones, personal computers, and personal computer storage media. Additionally, this search warrant seeks only to photograph rooms whose backgrounds appear to match the backgrounds of selfie-type photographs that Sanders sent to other individuals of himself, and will not photograph any patients, patient families, or employees, or documents related to patients.

## ATTACHMENT B
## DESCRIPTION OF ITEMS TO BE SEIZED AND SEARCHED

The following materials, which constitute evidence of the commission of a criminal offense, contraband, the fruits of a crime, or property designed or intended for use or which is or has been used as the means of committing a criminal office, namely violations of 18 U.S.C. §§ 2251, 2252, 2422(b), and 1470.

    1.    Any and all computer(s), computer hardware, computer software (including programs to run operating systems and applications such as word and image processing, communications programs, instant messaging, and peer-to-peer software), storage media, computer-related documentation, computer passwords and data-security devices, videotapes, video-recording devices, video-recording players, and video display monitors that are or may be used to: visually depict child pornography; display or access information pertaining to a sexual interest in child pornography; display or access information pertaining to sexual activity with children; or distribute, possess, or receive child pornography, or information pertaining to an interest in child pornography.

    2.    Any and all electronic devices, including computer equipment and cellular / mobile devices, that can connect to the Internet and record pictures or video.

    3.    Any and all routers, modems, and network equipment used to connect computers to the Internet.

    4.    In electronic or digital format, all originals, computer files, records, copies, and negatives of child pornography or visual depictions of minors engaged in sexually explicit conduct, as such terms are defined in 18 U.S.C. § 2256.

    5.    Any and all notes, documents, information, records, or correspondence, in electronic or digital format (including, but not limited to, letters, diaries, word processing documents, address books, email messages, chat logs and electronic messages, other digital data files, and web cache information):

        a.    pertaining to or concerning the possession, receipt, transmission, distribution, or production of child pornography or to the possession, receipt, transmission, distribution, or production of visual depictions of minors engaged in sexually explicit conduct, as such terms are defined in 18 U.S.C. § 2256;

        b.    identifying any person transmitting, through interstate or foreign commerce, by any means, any child pornography or any visual depictions of minors engaged in sexually explicit conduct, as such terms are defined in 18 U.S.C. § 2256;

        c.    containing names or lists of names and addresses of individuals who have been contacted by use of the computer(s) or by other means for the purpose of distributing, receiving, or producing child pornography or visual depictions of minors engaged in sexually explicit conduct, as such terms are defined in 18 U.S.C. § 2256;

    d.    reflecting personal contact and any other activities with minors visually depicted while engaged in sexually explicit conduct, as such terms are defined in 18 U.S.C. § 2256;

    e.    concerning communications between individuals about child pornography or the existence of sites on the Internet that contain child pornography or that cater to those with an interest in child pornography;

    f.    concerning membership in online groups, clubs, or services that provide or make accessible child pornography to members;

    g.    concerning any accounts with an Internet Service Provider;

    h.    concerning online storage, cloud storage, or other remote computer storage, including, but not limited to, software used to access such online storage or remote computer storage, user logs or archived data that show a connection to such online storage or remote computer storage, and user logins and passwords for such online storage or remote computer storage; and

    i.    pertaining to the preparation, purchase, and acquisition of names or lists of names (for example, address books, mailing lists, supplier lists) to be used in connection with the purchase, sale, trade, or transmission through interstate or foreign commerce by any means any child pornography or any visual depiction of minors engaged in sexually explicit conduct, as such terms are defined in 18 U.S.C. § 2256.

6. Records or other items evidencing occupancy or ownership described above, including, but not limited to, utility and telephone bills, mail envelopes, or addressed correspondence.

7. Records or other items which evidence ownership or use of computer equipment found in the above residence, including, but not limited to, sales receipts, bills for Internet access, and handwritten notes.

8. For any computer or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, the "Seized Computer"):

    a.    evidence of who used, owned, or controlled the Seized Computer at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

    b.    evidence of software that would allow others to control the Seized Computer, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

    c.    evidence of the lack of such malicious software;

    d.    evidence indicating how and when the computer was accessed or used to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

  e. evidence of the attachment to the Seized Computer of other storage devices or similar containers for electronic evidence;
  f. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the Seized Computer;
  g. evidence of the times the Seized Computer was used;
  h. passwords, encryption keys, and other access devices that may be necessary to access the Seized Computer;
  i. documentation and manuals that may be necessary to access the Seized Computer or to conduct a forensic examination of the Seized Computer;
  j. records of or information about Internet Protocol addresses used by the Seized Computer;
  k. records of or information about the Seized Computer's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;
  l. contextual information necessary to understand the evidence described in this attachment.

9. *Definitions.* As used throughout this attachment:
  a. The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high-speed data processing devices performing logical, arithmetic, or storage functions. Examples include desktop computers, notebook computers, cellular / mobile phones, tablets, server computers, and network hardware.
  b. The term "storage medium" or "storage media" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

4